UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BETH ANN VESSALICO and JAMES
VESSALICO,

         Plaintiffs,   **ORDER**
                 15-CV-1292 (LDW)(SIL)
 -against-

COSTCO WHOLESALE WAREHOUSE,

         Defendant.
------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

On June 23, 2016, Plaintiffs Beth Ann Vessalico and James Vessalico ("Plaintiffs" or "Vessalico")[1] filed a motion seeking an Order compelling Defendant Costco Wholesale Warehouse ("Defendant" or "Costco") to produce an accident report that Costco prepared following a September 10, 2011 accident at the Costco store located at 125 Beacon Drive, Holbrook, New York (the "Accident Report"). *See* Docket Entry ("DE") [27]. Costco opposed production of the Accident Report on the grounds that it is "privileged, confidential and immune from disclosure as it was prepared solely for the purpose of litigation and solely as a communication between Costco and its attorneys." *See* DE [28] at 1. In a June 29, 2016 Order, the Court instructed Defendant to submit the Accident Report to the Court for the purpose of conducting an *in camera* review. *See* DE [30]. Having reviewed the Accident Report *in camera*, for the reasons set forth herein, the Court concludes that it is subject to disclosure.

---

[1] In the singular, "Plaintiff" or "Vessalico" refers to Beth Ann Vessalico.

1

Where, as here, federal jurisdiction is based on diversity of the parties, "[i]t is clear that . . . Fed. R. Evid. 501 requires the application of state law to questions of privilege." *R.R. Salvage of Conn., Inc. v. Japan Freight Consolidators (U.S.A.), Inc.*, 97 F.R.D. 37, 39 (E.D.N.Y. 1983); *see also* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). However, because "the work product doctrine does not constitute a true privilege," *Weber v. Paduano*, No. 02 Civ. 3392, 2003 WL 161340, at *3 (S.D.N.Y. Jan. 22, 2003), courts distinguish between claims of attorney–client privilege and the attorney work-product doctrine for purposes of Fed. R. Evid. 501. *See Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 240 F.R.D. 96, 105 (S.D.N.Y. 2007) ("While state law governs the question of attorney–client privilege in a diversity action, federal law governs the applicability of the work product doctrine."). Accordingly, "federal law governs the applicability of the work-product doctrine in all actions in federal court." *Calabro v. Stone*, 225 F.R.D. 96, 98-99 (E.D.N.Y 2004) (internal quotation omitted). Therefore, Defendant's claim that the Accident Report is protected from disclosure pursuant to the attorney–client privilege is analyzed under New York law; its claim that the Accident Report is protected from disclosure pursuant to the work-product doctrine is analyzed under federal law.

Pursuant to New York law, "[t]he attorney–client privilege protects confidential communications between a lawyer and client relating to legal advice sought by the client." *In re Nassau Cty. Grand Jury Subpoena Duces Tecum Dated June 24, 2003*, 4 N.Y.3d 665, 678, 797 N.Y.S.2d 790 (2005); *see also* N.Y. C.P.L.R.

4503 (codifying New York's attorney–client privilege); *Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc.*, 215 F.R.D. 466, 470 (S.D.N.Y. 2003) ("Under New York law, in order for the attorney–client privilege to apply, there must be a communication made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship.") (internal quotation omitted). Moreover, "[t]he communication itself must be 'primarily or predominantly of a legal character.'" *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252 F.R.D. 163, 168 (S.D.N.Y. 2008) (quoting *Rossi v. Blue Cross & Blue Shield of Greater New York*, 73 N.Y.2d 588, 594, 542 N.Y.S.2d 508 (1989)). Ultimately, "[t]he critical inquiry is whether, viewing the . . . communication in its full content and context, it was made in order to render legal advice or services to the client." *Spectrum Sys. Int'l Corp. v. Chemical Bank*, 78 N.Y.2d 371, 379, 575 N.Y.S.2d 809 (1991).

The federal work-product doctrine protects from disclosure "documents prepared 'in anticipation of litigation or for trial by or for [a] party or by or for that . . . party's representative.'" *Ruotolo v. City of New York*, No. 03 Civ. 5045, 2005 WL 823015, at *1 (S.D.N.Y. Apr. 7, 2005) (quoting Fed. R. Civ. P. 26(b)(3)). Relevant here, "material prepared by non-attorneys in anticipation of litigation, such as accident reports and other investigative reports, is immune from discovery only where the material is prepared exclusively and in specific response to imminent litigation." *Willis v. Westin Hotel Co.*, No. 85 Civ. 2056, 1987 WL 6155, at *1 (S.D.N.Y. Jan. 30, 1987); *see also Danza v. Costco Wholesale Corp.*, No. 11-CV-4306, 2012 WL 832289, at *1 (E.D.N.Y. Mar. 12, 2012) ("Documents prepared in the ordinary course of

business, or which would have been prepared in essentially the same form irrespective of the litigation, are not protected by [the work-product doctrine]."). To that end, "[t]he mere contingency that litigation could result is not sufficient to trigger protection under the work product doctrine." *Calabro*, 225 F.R.D. at 99. The party resisting discovery, whether based on the work-product doctrine or the attorney–client privilege, bears the burden of establishing that the communication is protected from disclosure. *See United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997); *Bogan v. Northwestern Mut. Life Ins. Co.*, 163 F.R.D. 460, 463 (S.D.N.Y. 1995).

Here, Defendant has failed to establish that the Accident Report is protected from disclosure pursuant to either the attorney–client privilege or the attorney work-product doctrine. Defendant argues that the Accident Report is "clearly immune from disclosure" because Costco's Assistant General Manager Cheryll Serio testified that the "report is prepared solely for Costco's legal department as once it is prepared it is sent directly to Costco's General Liability Department." *See* DE [28] at 2. However, "an investigative report does not become privileged merely because it was sent to an attorney." *Spectrum Sys. Int'l Corp.*, 78 N.Y.2d at 379. Indeed, the Accident Report is essentially a factual account of Vessalico's September 10, 2011 accident. Because the Accident Report is not "primarily or predominantly of a legal character," it is not protected from disclosure pursuant to the attorney–client privilege.[2] *Rossi*, 73 N.Y.2d at 594.

---

[2] To the extent that Defendant claims that the phrase "Privileged and Confidential Information" at the top of the Accident Report supports a conclusion that the document is protected

4

Likewise, Defendant has failed to establish that the Accident Report was "prepared exclusively and in specific response to imminent litigation" as opposed to in the normal course of business. *Willis*, 1987 WL 6155, at *1. Indeed, in *Danza*, the court held that a seemingly identical accident report "prepared shortly after an accident" was subject to disclosure. 2012 WL 832289, at *2. Like the Accident Report here, in *Danza*, the phrase "Privileged and Confidential Information" appeared in "large, bold, uppercase letters at the very top of the first page" of the report. *Id.* Similarly, the report in *Danza*, like the Accident Report here, contained an instruction stating, "This report is to be prepared for the company's legal counsel. Do not give a copy of this report to or discuss its contents with any person except as instructed below." *Id.* In *Danza*, the court held that, despite references to the defendant's legal counsel, the accident report at issue was not protected from disclosure because it was "clear from the nature of the document that it was prepared as part of the regular procedure of the defendant when incidents such as the one here occur." *Id.* The court further observed that, although "litigation often ensues when persons are injured in commercial premises such as those operated by the defendant . . . that alone is not sufficient to transform the document from one prepared in the ordinary course of the defendant's business to one prepared in anticipation of litigation." *Id.* Like in *Danza*, there is nothing to suggest that the Accident Report here was prepared exclusively in anticipation of litigation. Rather, the Accident

---

from disclosure pursuant to the attorney–client privilege, the Court "is not bound to accept the label placed on documents by counsel." *Fox Paine & Co., LLC v. Houston Cas. Co.*, No. 52607/2014, 2016 WL 1602747, at *23 (N.Y. Sup. Ct. Apr. 21, 2016).

Report appears to be a standard form that is completed in the ordinary course of business whenever an accident occurs on Defendant's property. Therefore, the Accident Report is not protected from disclosure pursuant to the work-product doctrine and must be produced.

## CONCLUSION

Based on the foregoing, the Accident Report is discoverable, and Plaintiffs' motion to compel is granted. Defendant is instructed to produce a copy of the Accident Report to Plaintiffs within ten days of the date of this Order.

Dated: Central Islip, New York  **SO ORDERED**
      July 14, 2016

                                                  s/ Steven I. Locke
                                                  STEVEN I. LOCKE
                                                  United States Magistrate Judge